## SUPREME COURT.

GEORGE H. FLETCHER, receiver, &c., agt. MARY MARSHALL COOPER and another.

*Change of venue — Code of Civil Procedure, section 982.*

Where two causes of action, described in the complaint, related to real property situated in the *county of Kings*, and the other causes of action related to personal property :

*Held*, that the place of trial should be changed from New York, where it was improperly laid, to the county of Kings.

Section 982 of the Code of Civil Procedure considered.

*Special Term, October*, 1879.

MOTION to change venue.

Fletcher agt. Cooper.

*Albert G. McDonald*, for motion.

*Frederick S. Waite*, opposed.

VAN VORST, *J.*— The second and fourth causes of action relate to real property situated in the county of Kings. The third cause of action relates to personal property. All the parties reside in Kings county. Kings is therefore the proper county for the trial of this action, and the venue must be changed to that county, unless the fourth cause of action will hold it in the county of New York under the provisions of section 982 of the Code of Civil Procedure.

Upon a consideration of the first cause of action, I am led to the conclusion that it does not, in substance, affect an estate, right, title, lien, or other interest in real property or a chattel real.

As far as the mortgage upon the land in New York city is concerned, its lien is destroyed by the judgment in partition and the proceedings thereunder. It no longer affects lands, and what is really sought to be reached under the first count, is the money secured by the mortgagee for the interest of the mortgagor in the partition suit.

An adjudication that the mortgage, which has been really extinguished, in so far as its lien upon the lands is concerned, was fraudulent in its inception, affects no present interest in real property.

The motion to change the venue is granted, with costs of the motion to the defendant to abide the event.